UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

GREG PFLUG,

          Plaintiff,

    v.

THE BOEING COMPANY,

          Defendant

CASE NO.  C05-01224RSM

ORDER GRANTING DEFENDANT'S MOTION FOR SUMMARY JUDGMENT

## I. INTRODUCTION

This matter comes before the Court on defendant's motion for summary judgment. (Dkt. #20).  Defendant argues that plaintiff's employment discrimination claims must be dismissed because there is no evidence showing that anyone at defendant's business had any knowledge of plaintiff's Family Medical Leave Act ("FMLA") request, plaintiff has not provided evidence showing that anyone working for defendant specifically knew that plaintiff was planning on using FMLA leave in the future, and plaintiff has produced no evidence showing that defendant's economic justifications for his lay-off are mere pretexts for age discrimination. Defendant further argues that there is no evidence supporting plaintiff's claims of wrongful interference with a business relationship, constructive discharge, wrongful discharge in violation

ORDER GRANTING DEFENDANT'S
MOTION FOR SUMMARY JUDGMENT
PAGE - 1

of public policy and negligent infliction of emotional distress.

Plaintiff responds that while it is undisputed that he did not take FMLA leave, the statute contemplates that any interference with, restraint of, or retaliation for attempting to use FMLA leave is also prohibited. Plaintiff further responds that he has raised an issue of material fact with respect to his age discrimination claim. Plaintiff also argues that the evidence establishes that defendant's economic rationale for his lay-off is a pretext for age discrimination. Plaintiff then asserts that once an FMLA violation is established, an issue of material fact is raised regarding his wrongful discharge in violation of public policy. Finally, plaintiff argues that he has raised genuine issues of material fact with respect to his business interference claim. Plaintiff concedes that his negligent infliction of emotional distress and constructive discharge claims should be dismissed.

For the reasons set forth below, the Court disagrees with plaintiff, and GRANTS defendant's motion for summary judgment in its entirety.

## II. DISCUSSION

**A. Background**

This dispute arises from plaintiff's lay-off on June 20, 2003. Plaintiff was employed by defendant from 1979-1981 and 1984-2003. During his employment, plaintiff was a member of the Society of Professional Engineering Employees in Aerospace ("SPEEA") union. The collective bargaining contract between defendant and SPEEA provides a method to ascertain the order in which employees will be laid off from defendant's workforce. Employees with the same or similar job description are assigned a retention rating of R1, R2, or R3. R1 is the highest rating and provides the highest level of protection from lay-off, R2 is the mid-level rating, and R3 is the lowest rating. Approximately eighty percent of the employees comprise the R1 and R2 ratings (forty percent each) and the remaining twenty percent are assigned R3 ratings. Long-term employees are eligible for an automatic upward adjustments in their ratings. After twenty

years of employment, any employee who receives an R3 rating is automatically moved into the R2 category. In addition, employees within the various ratings are "stacked" from highest to lowest, and this stacking determines the order in which the employees in a rating group would be dismissed in a lay-off situation. All retention rating and stacking decisions are made by a Skills Team, a management group consisting of the employee's direct manager and other upper-level managers.

Plaintiff has a son with a chronic chromosomal disorder. In order to care for his son, plaintiff requested funds available through defendant's sick leave program in July of 2002. Plaintiff also filled out an FMLA request form in order to utilize FMLA leave in the future. This form was submitted to an affiliate company of defendant in Boston. Plaintiff states he had several conversations regarding the prospective use of FMLA leave with defendant's human resources department ("HR") after submitting the form.

While historically plaintiff had received an R2 rating in his evaluations, in November of 2002, he received an R3 rating. Because plaintiff had been employed for twenty years by defendant, he received the automatic upward R2 adjustment pursuant to the SPEEA contract. However, because the Skills Team considered plaintiff to be an under-achieving employee, he was stacked at the lowest level of the R2 rankings. This made him the first to be laid off once the R3 employees were exhausted. While plaintiff expressed his concern to his manager regarding the rating he had received, plaintiff did not file a grievance with SPEEA to challenge the rating.

On April 18, 2003, plaintiff received a sixty-day early warning notice that he would be subject to permanent lay-off effective June 20, 2003. Plaintiff sought several other employment opportunities within defendant's various departments but was unable to attain a position and was laid off on June 20, 2003.

Plaintiff filed suit in Snohomish County Superior Court on June 20, 2005. In his

ORDER GRANTING DEFENDANT'S
MOTION FOR SUMMARY JUDGMENT
PAGE - 3

complaint, plaintiff alleges that defendant's management team improperly considered plaintiff's request for FMLA benefits in plaintiff's November 2002 evaluation. In addition, plaintiff claims that defendant dismissed him because of his age. Plaintiff further alleges that defendant's acts constitute a constructive discharge, that defendant violated Washington State public policy, that defendant has wrongfully interfered with a business relationship and that defendant negligently inflicted emotional distress. Defendant subsequently removed the action to this Court. The instant motion followed.

### A. Standard of Review

On motions for summary judgment, the moving party is entitled to judgment as a matter of law when the non-moving party fails to make a sufficient showing on an essential element of a claim on which the non-moving party has the burden of proof. *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1985). There is no genuine issue of fact for trial where the record, taken as a whole, could not lead a rational trier of fact to find for the non-moving party. *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 586 (1986). All evidence should be viewed in the light most favorable to the non-moving party. Fed. R. Civ. P. 56(c); *Caplan v. Roberts*, 506 F.2d 1039, 1042 (9th Cir. 1974). However, mere disagreement, or the bald assertion that a genuine issue of material fact exists, does not preclude the use of summary judgment. *California Architectural Bldg. Prods.*, *Inc., v. Franciscan Ceramics, Inc.*, 818 F.2d 1466, 1468 (9th Cir. 1987).

Genuine factual issues are those for which the evidence is such that "a reasonable jury could return a verdict for the non-moving party." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986). Material facts are those which might affect the outcome of the suit under governing law. *Id*. In ruling on summary judgment, a court does not weigh evidence to determine the truth of the matter, but "only determine[s] whether there is a genuine issue for trial." *Crane v. Conoco, Inc.*, 41 F.3d 547, 549 (9th Cir. 1994)(citing *O'Melveny & Meyers*,

ORDER GRANTING DEFENDANT'S
MOTION FOR SUMMARY JUDGMENT
PAGE - 4

969 F.2d 744, 747 (9th Cir. 1992)). Furthermore, conclusory or speculative testimony is insufficient to raise a genuine issue of fact to defeat summary judgment. *Anheuser-Busch, Inc. v. Natural Beverage Distributors*, 60 F.3d 337, 345 (9th Cir. 1995). Similarly, hearsay evidence may not be considered in deciding whether material facts are at issue in summary judgment motions. *Anheuser-Busch*, 60 F.3d at 345; *Blair Foods, Inc., v. Ranchers Cotton Oil*, 610 F.2d 665, 667 (9th Cir. 1980).

**B. FMLA**

The FMLA prohibits an employer from interfering, restraining, or denying the actual or attempted exercise of FMLA rights. 29 U.S.C. §2615(a)(1). The Department of Labor has provided that an employer may not use the actual or attempted exercise of FMLA rights as a negative factor in any employment decision. 29 C.F.R. §825(c). The Ninth Circuit interprets that provision as covering employer actions resulting in the demotion or termination of an employee through job evaluations. *Xin Liu v. Amway Corp.*, 347 F.3d 1125, 1136 (9th Cir. 2003).

In his complaint, plaintiff alleges that defendant's Skills Team improperly considered his attempt to utilize FMLA benefits in their November 2002 evaluation, which resulted in plaintiff receiving a low retention rating. Plaintiff alleges that it was this low rating that ultimately led to his lay-off. Accordingly, plaintiff claims that this improper consideration violates the FMLA.

On this motion, defendant argues that there is no evidence to suggest that any member of the Skills Team, or any other employee of defendant, had any knowledge of plaintiff's desire to take FMLA leave in the future. Furthermore, defendant argues that there is no evidence to support the claim that any consideration of FMLA leave played any part in plaintiff's November 2002 evaluation. The Court agrees.

While both the rating and stacking of employees by the Skills Team are employment decisions, plaintiff has not presented evidence demonstrating that anyone at defendant's place of

ORDER GRANTING DEFENDANT'S
MOTION FOR SUMMARY JUDGMENT
PAGE - 5

business knew about his filing of the FMLA leave form. Furthermore, plaintiff has not provided evidence that any employee had knowledge of plaintiff's desire to take FMLA leave in the future. Moreover, plaintiff has not presented evidence demonstrating that information regarding FMLA leave was considered by any member of the Skills Team before or during plaintiff's November 2002 job evaluation.

Plaintiff relies upon three pieces of circumstantial evidence to support his claim. First, plaintiff notes that he filled out the FMLA form and submitted it in July of 2002. Plaintiff presumes that this form found its way from the Boston affiliate back to defendant's HR department. However, there is no evidence supporting that presumption. There is no declaration, affidavit, deposition or other evidence demonstrating that defendant had this form or knew of its existence. Plaintiff has not provided any potential witness in this regard.

Second, plaintiff points to statements made by his supervisor at deposition. There, Mr. Gilbert stated that he had conversations with HR personnel concerning plaintiff's absences from work. However, there is no evidence in the record that these conversations had anything to do with FMLA leave or the possibility that plaintiff would request such leave in the future. Furthermore, there is no evidence suggesting that Mr. Gilbert mentioned these conversations to any member of the Skills Team or in the Skills Team's November 2002 evaluation.

Finally, plaintiff references an e-mail sent by Mr. Gilbert to other managers supervising plaintiff, that was accidentally copied to plaintiff. In that e-mail, Mr. Gilbert wrote that plaintiff had "baggage" which hindered plaintiff's work performance. It is plaintiff's contention that this term refers to the medical problems of his son, and plaintiff's need to use FMLA leave. However, there is no evidence that the term "baggage" had anything to do with FMLA leave or any other type of personal issue. Mr. Gilbert states that he was in no way referring to plaintiff's personal life when he used this term. Mr. Gilbert further states that the term solely related to how plaintiff performed at work, the problems that he was having with other employees, and his

ORDER GRANTING DEFENDANT'S
MOTION FOR SUMMARY JUDGMENT
PAGE - 6

inability to remain focused. Plaintiff has not rebutted that evidence.

Thus, even viewing the evidence in the light most favorable to plaintiff, no issue of material fact has been raised with respect to plaintiff's claim that there was any consideration of FMLA leave by Mr. Gilbert or the Skills Team in the November 2002 evaluation. Accordingly, defendant is entitled to summary judgment on this claim.

**C. Age Discrimination**

Plaintiff also alleges in his complaint that defendant wrongfully discharged him based on his age. Defendant assumes in this motion that plaintiff's claim is based upon the Washington Law Against Discrimination ("WLAD"), RCW 49.60.180, because of plaintiff's citation to *Hill v. BCTI Income Fund-I*, 144 Wash. 2d 172, 185-86 (2001), a Washington State Supreme Court decision discussing that statute. Because plaintiff does not identify in his complaint, or in response to the instant motion, any other legal basis upon which this claim rests, the Court presumes that defendant is correct.

Washington courts apply the *McDonald Douglas* burden shifting analysis to WLAD claims. *McDonnell Douglas Corp. v. Green*, 411 U.S. 792 (1973); *Coleman v. Quaker Oats Co.*, 232 F.3d 1271 (9th Cir. 2000); *Hill*, 144 Wash. 2d at 185-86 (2001); *Matthews v. NCAA*, 179 F. Supp. 2d 1209, 1229 (E.D. Wash. 2001). Under such analysis, a plaintiff must first make a *prima facie* case of discrimination. *Coleman*, 232 F.3d at 1281. The burden then shifts to the defendant to articulate a non-discriminatory reason for its action. *Id*. If the defendant does so, the burden shifts back to the plaintiff to show by competent evidence that the alleged non-discriminatory reason is a pretext for a discriminatory motive. *Id*. "In response to the defendant's offer of non-discriminatory reasons, the plaintiff must produce 'specific, substantial evidence of pretext.'" *Wallis v. J.R. Simplot Co.*, 26 F.3d 885, 890 (9th Cir. 1994) (quoting *Steckl v. Motorola, Inc.*, 703 F.2d 392, 393 (9th Cir. 1983)). The making of a *prima facie* case does not by itself prohibit the granting of summary judgment if there is no compelling evidence of

ORDER GRANTING DEFENDANT'S
MOTION FOR SUMMARY JUDGMENT
PAGE - 7

pretext. *Id.*

In order to establish a *prima facie* case of age discrimination, a plaintiff must show that "(1) he was within the statutorily protected age group, (2) was discharged by the defendant, (3) was doing satisfactory work, and (4) was replaced by a significantly younger person." *Coleman*, 232 F.3d at 1281; *Hill,* 144 Wash. 2d at 188. In lay-off situations, however, the fourth requirement can be replaced by a showing that the tasks a plaintiff performed are still in existence and required by the defendant's business. *Wallis*, 26 F.3d at 891 (quoting *Rose v. Wells Fargo & Co.*, 902 F.2d 1417 (9th Cir. 1990)). The plaintiff's burden in establishing a *prima facie* case is not a heavy one. A plaintiff can produce "very little" evidence giving rise to an inference of unlawful discrimination and that evidence need not rise to the level of preponderance. *Wallis*, 26 F.3d at 889.

Here, the Court finds that plaintiff has made the required factual showings to establish his *prima facie* case. First, plaintiff was 52 years old when he was laid off, and within the protected range of 40-70 years of age. Second, plaintiff was laid off by defendant on June 30, 2003. Third, plaintiff was performing satisfactory work, as evidenced by a certified recognition for a job well done on April 30, 2003, a job evaluation from September of 2001 stating that he had completed all job goals and was an asset to the 747 team, and a cash award for his work on the 747-400 project. Finally, given the fact that plaintiff's skills were still needed and being performed for defendant, plaintiff satisfies the last requirement. While slight, this evidence satisfies the minimal requirements to establish a *prima facie* case when viewed in the light most favorable to plaintiff.

The burden then shifts to defendant to provide a non-discriminatory justification for plaintiff's lay-off. Defendant produces competent evidence that the events of September 11, 2001 caused a need to dramatically reduce its work-force due to a decrease in the market demand for airplanes. Defendant demonstrates that all of the R3 employees who did not have

required special skills had been laid off before plaintiff was considered. Defendant further demonstrates that because of continuing poor market conditions, further lay-offs were required, and plaintiff, being a low-stacked R2 employee because of his job performance, was next to be dismissed in accordance with the SPEEA contract procedures. This is a legitimate non-discriminatory rationale for laying off plaintiff.

Plaintiff has not shown how defendant's legitimate non-discriminatory rationale is a pretext to age discrimination. The record is devoid of any evidence demonstrating that defendant engaged in discrimination based upon age. Plaintiff relies on the same facts that establish his *prima facie* case to shoulder his burden of proving a pretext for discrimination. The burden on plaintiff, however, is much higher at this stage of the burden-shifting analysis and he must produce competent evidence to overcome the legitimate non-discriminatory reason offered by defendant. Plaintiff has failed to do so. Accordingly, defendant is entitled to summary judgment on this claim.

### D. Wrongful Discharge in violation of Public Policy

In his complaint, plaintiff alleges that his lay-off violates public policy. On this motion, defendant argues that the public policy violation relied upon by plaintiff is either a violation of the FMLA or the WLAD, and that plaintiff's claim cannot proceed if this Court finds summary judgment appropriate on his initial FMLA and WLAD claims. Plaintiff's only response to this argument is that he has raised an issue of material fact to show a violation of both the FMLA and WLAD. However, the Court has found otherwise, as discussed above. Accordingly, defendant is entitled to summary judgment on this claim as well.

### E. Wrongful Interference with a Business Relationship

Finally, defendant denies making any effort to block plaintiff's future employment or otherwise interfere with plaintiff's business relationships. To support its denial, defendant points to the fact that it was in the process of re-hiring plaintiff in July of 2004, but because plaintiff

ORDER GRANTING DEFENDANT'S
MOTION FOR SUMMARY JUDGMENT
PAGE - 9

allegedly shoplifted from defendant's gift shop, the re-hire process was stopped. Defendant argues that plaintiff has failed to produce any competent evidence to support his claim.

Plaintiff alleges that Mr. Gilbert has been intentionally giving unwarranted poor job references to prospective employers inside and outside of defendant's business, which is wrongful interference with a business relationship. However, plaintiff relies solely upon comments allegedly made by Mr. Dale Gunnoe, a manager in defendant's defense department, with whom plaintiff interviewed in an attempt to transfer before his lay-off. Plaintiff has not provided a declaration from Mr. Gunnoe or any deposition testimony, instead proffering the testimony through his own affidavit. This hearsay evidence cannot create an issue of material fact. *Anheuser-Busch*, 60 F.3d at 345. Therefore, defendant is entitled to summary judgment on this claim.

### F. Plaintiff's Conceded Claims

Plaintiff does not oppose defendant's motion for summary judgment regarding his claims for constructive discharge and negligent infliction of emotional distress. Therefore, the Court grants summary judgment in favor of defendant on those claims.

### III. CONCLUSION

For the reasons set forth above, the Court GRANTS defendant's motion for summary judgment (Dkt. #20) in its entirety. Viewing the evidence presented in the light most favorable to plaintiff, the Court finds that there are no issues of material fact with respect to any of plaintiff's claims. Therefore, plaintiff's claims are DISMISSED, and this case is CLOSED.

DATED this 2nd day of November, 2006.

RICARDO S. MARTINEZ
UNITED STATES DISTRICT JUDGE